IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CR-044-M |
| BETTY LEWIS FRENCH | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Betty Lewis French, a federal prisoner serving a 51-month sentence for theft, embezzlement, and misapplication of funds by a bank employee, has filed a motion to suspend her restitution payments until she is released from prison. As grounds for the motion, defendant states that she earns only $0.18 per hour at her prison job, out of which she must pay for postage, phone calls, personal hygiene items, clothing, and clinic visits. Defendant further alleges that her husband is retired, elderly, and lives on a fixed income. The government opposes the motion.

Modification of a restitution order is governed by 18 U.S.C. § 3664(k), which provides, in pertinent part:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). By its terms, the statute allows a district court to modify a restitution order only if the defendant has a "material change in . . . economic circumstances[.]" *Id.* A "material

-1-

change" in economic circumstances is a bona fide change in the defendant's financial condition, either positive or negative, that affects her ability to pay restitution. *See United States v. Wooderts*, No. 3-97-CR-054-D, 2008 WL 245352 at *1 (N.D. Tex. Jan. 29, 2008), *quoting Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003). The burden is on the defendant to prove that her circumstances have changed enough to warrant such a modification. *See id.*, 2008 WL 245352 at *1, *citing United States v. Hill*, 205 F.3d 1342 (Table), 1999 WL 801543 at *1 (6th Cir. Sept. 28, 1999).

The court ordered defendant to pay restitution in the amount of $488,449.91. Prior to sentencing, the probation department determined that defendant had a net worth of $63,165. (*See* PSR at 15, ¶ 75). Among her assets was a residence in Dawson, Texas, unencumbered by any mortgage, valued at $75,000. (*See id.* at 14, ¶ 75). Defendant also reported that her husband had an IRA worth $37,000 and earned $3,250 per month from salary and pension. (*See id.* at 15, ¶ 75). Their only liabilities were $49,235 in credit card debt and $69,339 in car loans. (*See id.* at 14-15, ¶¶ 73-75). In January 2010, defendant entered into a contract with the Inmate Financial Responsibility Program ("IFRP"), a voluntary program which employs a standard formula to determine the amount of restitution payments an inmate should make while incarcerated. Based on her assets and income, defendant voluntarily agreed to pay $174 per month toward her restitution obligation. To date, defendant has made only one restitution payment under the IFRP program. (*See* Prob. Resp. to Def. Mot.).

Now, less than 10 months after the restitution order was entered and less than three months after she signed the IFRP contract, defendant seeks to suspend her restitution payments until she is released from prison. Even if the court accepts as true the unsworn allegations in defendant's

pleadings, the only economic circumstances that have changed since the court ordered her to pay restitution are that the federal government has stopped her monthly disability benefits[1] and the state has frozen her husband's retirement account. (*See* Def. Reply at 2). Neither change warrants a modification of the restitution order or the IFRP payment schedule. *See United States v. McClamma*, 146 Fed.Appx. 446, 449, 2005 WL 2114116 at *2 (11th Cir. Sept. 2, 2005); *Wooderts*, 2008 WL 245352 at *2.

## **RECOMMENDATION**

Defendant's motion to suspend restitution payments [Doc. #26] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] It appears that defendant had been receiving $1,040 in monthly disability payments that were suspended as a result of her incarceration. Those disability payments, which are not reflected in the PSR, were disclosed by defendant in a financial statement submitted in a garnishment action brought by the government. (*See* Gov't Resp. App. at 024).

DATED: April 6, 2010.

                                                                                  _____
                                                                                  JEFF KAPLAN
                                                                                  UNITED STATES MAGISTRATE JUDGE